UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DORETTA LETBETTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-CV-0371-CVE-CDL |
| | ) | |
| INDEPENDENT SCHOOL DISTRICT | ) | |
| NO. 1 OF TULSA COUNTY, STATE OF | ) | |
| OKLAHOMA, a/k/a Tulsa Public Schools, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Partial Motion to Dismiss and Combined Brief in Support (Dkt. # 5). Plaintiff filed this case alleging a single claim that defendant Independent School District No. 1 of Tulsa County, State of Oklahoma a/k/a Tulsa Public Schools (TPS) violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA), and she seeks compensatory and punitive damages. Defendant argues that punitive damages are unavailable against a public entity or political subdivision under the ADA. Dkt. # 5. Plaintiff has not responded to defendant's motion and plaintiff's response deadline was September 15, 2022.

Plaintiff alleges that she was hired by TPS as a pre-kindergarten teacher beginning in September 2000. Dkt. # 2-2, at 3. She claims that she requested time off in September 2020 for medical treatment for her disabilities of bipolar and anxiety disorders, and she disclosed to TPS that she suffered from these conditions at that time. Id. It appears that she received time off as she requested, but she claims that TPS suspended her from work in May 2021 following allegations that she posed a child safety risk. Id. Plaintiff was transferred to another school for the following school

year, even though she claims an investigation cleared her of any wrongdoing, and she was assigned to teach sixth grade. Id. at 3-4. Plaintiff claims that she was uncomfortable teaching a higher grade level, and she requested to return to her former school and grade level as an accommodation for her disabilities. Id. at 4. Plaintiff's request was denied and she claims that she was "forced" to retire in November 2021. Id. Plaintiff filed this case in Tulsa County District Court alleging discrimination and retaliation claims under the ADA, and it appears that she could also be alleging a claim under a failure to accommodate theory. Id. at 4-5.

Defendant argues that punitive damages are not available against a government agency or political subdivision under the ADA. Dkt. # 5, at 2. The law is clearly established that punitive damages may not be recovered under the ADA against a government agency or political subdivision. 42 U.S.C. § 1981a(b)(1). School districts are considered political subdivisions as a matter of Oklahoma law. OKLA. STAT. tit. 51, § 152(11); Hauck v. Putnam City Independent School District 1001, 2022 WL 3654749 (W.D. Okla. Aug. 24, 2022). Therefore, Oklahoma school districts are not subject to punitive damages for claims brought against them under the ADA. Sutherlin v. Independent School Dist. No. 40 of Nowata County, Oklahoma, 960 F. Supp. 2d 1254, 1270 (N.D. Okla. 2013); Glascow v. Board of Education, District I-002, 2005 WL 8157782 (W.D. Okla. Apr. 15, 2005). The docket sheet shows that plaintiff received electronic service of defendant's motion to dismiss, and the joint status report (Dkt. # 9) also shows that plaintiff was aware of the pending motion to dismiss. Plaintiff has not responded to the motion to dismiss and the argument raised by TPS is supported by well established law. Defendants' motion to dismiss (Dkt. # 5) is granted, and plaintiff may not recover punitive damages on her ADA claim.

**IT IS THEREFORE ORDERED** that Defendant's Partial Motion to Dismiss and Combined Brief in Support (Dkt. # 5) is **granted**, and plaintiff's prayer for punitive damages is **dismissed**.

**DATED** this 24th day of October, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE